UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON A. COVIAL,

                      Plaintiff,

          -v-

NEW YORK CITY POLICE DEPARTMENT;
SEWARD PUBLIC LIBRARY; MARVIN
FRANCILLON; ASHLEY DUNCAN-PETERS;
CHRIS BUDHAN; THOMAS WALSH;
THOMAS GUGLIOME; IRVING MARTINEZ;
VINCENT LEE,

                    Defendants.

24 Civ. 4817 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff Brandon A. Covial, who is appearing *pro se*, brings this action under 42 U.S.C.

§ 1983, alleging that defendants falsely arrested him on either May 13, or May 15, 2021, at a

United States Postal Service ("USPS") office and at the Seward Public Library, both located in

New York County.[1]  Plaintiff names as defendants: the New York City Police Department

("NYPD"); NYPD Officers Marvin Francillon, Ashley Duncan-Peters, Chris Budhan, Thomas

Walsh, Thomas Gugliome, Irving Martinez, and Vincent Lee; and the Seward Public Library.

      By order dated June 27, 2024, the Hon. Laura Taylor Swain granted Covial's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  As set forth in this order,

the Court (1) dismisses the claims against the NYPD because it is a nonsuable entity;

(2) construes the complaint as asserting claims against the City of New York; (3) orders service

on the City of New York, Francillon, Walsh, Gugliome, and Lee; and (4) dismisses the claims

---

[1] On April 24, 2024, Plaintiff filed this action in the United States District Court for the Eastern
District of New York.  That court transferred the action here on June 25, 2024, because the
alleged events giving rise to the claims occurred in New York County.

against Duncan-Peters, Budhan, Martinez, and the Seward Public Library, with 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the Complaint. Dkt. 1. On either May 13 or May 15, 2021, at a USPS office, Officers Francillon and Walsh arrested Covial for filming. On or about the same day, Officers Gugliome and Lee arrested Covial for filming at the Seward Public Library. Covial alleges that the NYPD "created policies on a website with no legal basis." Dkt. 1 ("Compl.") at 6. He also alleges that "[n]o person or individual in the Seward Public Library asked me to leave the premises or had legal basis to request me to leave." *Id.*

## DISCUSSION

### I.    New York City Police Department

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

2

name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

## II.    Service on City of New York, Francillon, Walsh, Gugliome, and Lee

Because Covial has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Covial to effect service on the City of New York, Francillon, Walsh, Gugliome, and Lee through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Covial should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Covial must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

## III.     Dismissal of Claims Against Duncan-Peters, Budhan, Martinez, and Seward Public Library
### A.  Individual Defendants

Covial's complaint, which asserts claims under 42 U.S.C. § 1983, does not state any facts regarding the personal involvement of Officers Duncan-Peters, Budhan, and Martinez. To state a claim under section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Covial does not allege any facts showing how defendants Duncan-Peters, Budhan, and Martinez were personally involved in the events underlying his claims. Covial's claims against

4

these defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Covial's *pro se* status, the Court grants him 30 days to file an amended complaint stating facts in support of his claims against these defendants.

**B. The Seward Public Library**

Plaintiff also does not state any facts suggesting the liability of the Seward Public Library. Rather, he alleges that NYPD officers arrested him in the library without the assistance of any library staff. Accordingly, the Court also dismisses the claims against this Defendant for failure to state a claim on which relief may be granted, and grants Covial leave to amend his complaint to include any additional facts suggesting the liability of the Seward Public Library.

## LEAVE TO AMEND

Covial proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, within the Second Circuit, "[a] *pro se* party should be granted leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 320 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Covial may be able to allege additional facts to state a valid claim against defendants Duncan-Peters, Budhan, Martinez, and the Seward Public Library, the Court grants him 30 days' leave to amend his complaint to detail his claims.

Because Covial's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that he wants to include from the original complaint must be repeated in the amended complaint.

5

## CONCLUSION

The Court dismisses Covial's claims against the NYPD.  The Clerk of Court is directed to add the City of New York as a defendant under Federal Rule of Civil Procedure 21.

The Clerk of Court is instructed to issue a summons for the City of New York, Francillon, Walsh, Gugliome, and Lee, complete the USM-285 form with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court also dismisses Covial's claims against Duncan-Peters, Budhan, Martinez, and the Seward Public Library, with 30 days' leave for Covial to replead his claims against these Defendants in an amended complaint.

An amended complaint form is attached to this order.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    August 22, 2024
          New York, New York

_Paul A. Engelmayer_

_____
          PAUL A. ENGELMAYER
          United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Officer Marvin Francillon, Badge #2673
   13th Precinct
   230 E. 21st Street
   New York, NY 10010

3. Sergeant Thomas Walsh, Badge #843
   13th Precinct
   230 E. 21st Street
   New York, NY 10010

4. Officer Thomas Gugliome, Badge #25144
   7th Precinct
   19 ½ Pitt Street
   New York, NY 10002

5. Sergeant Vincent Lee, Badge #4331
   7th Precinct
   19 ½ Pitt Street
   New York, NY 10002

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes  ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                              (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                          State              Zip Code

_____

Telephone Number                     Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State                    Zip Code

Defendant 2:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State                    Zip Code

Defendant 3:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State                    Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.