

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOSEPH ZANGRILLI**
Phone: (212) 356-2657
Fax: (212) 356-3509
jzangril@law.nyc.gov
*Senior Counsel*

January 13, 2025

**BY ECF**
Honorable Jennifer E. Willis
United States Magistrate Judge
United State District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    Covial v. Francillion, et al.,
                  24-CV-4817 (PAE) (JW)

Your Honor:

       I am a Senior Counsel in the Office of Muriel Good Trufant, Corporation Counsel for the City of New York, and attorney for defendants City of New York, Marvin Francillon and Thomas Walsh in the above-referenced matter.[1] Defendants write to respectfully request that the Court compel Plaintiff to execute a Criminal Procedure Law § 160.50 release by a date certain and to hold the deadline to respond to the Complaint in abeyance until Plaintiff has complied.

       By way of background, this Office has made extensive efforts to obtain a release voluntarily from Plaintiff, including mailing release forms to him on November 12 and November 26, 2024, and sending follow-up emails on December 4 and December 19, 2024, explaining the legal necessity of the release. Despite these attempts, Plaintiff has not provided the required authorization. Defendants' response to the Complaint is due January 19, 2025.

       The Second Circuit has clearly established that "a party otherwise protected by a § 160.50 sealing of records can waive that protection by commencing a civil action and placing protected information into issue." Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000). Here, Plaintiff has affirmatively placed sealed records at issue by incorporating video evidence into his

---

[1] This case has been assigned to Assistant Corporation Counsel Jack McLaughlin, who is presently awaiting admission to the Eastern District of New York and is handling this matter under my supervision. Jack may be reached directly at (212) 356-2670 or by email at jmclaugh@law.nyc.gov.

Complaint, specifically alleging that at the Seward Public Library he was arrested "for filming" and "ha[s] video footage of [his] rights being violated." Compl. at 7-8. Plaintiff has also attached a certificate of disposition to his Complaint, Compl. at 11, further demonstrating his selective use of records related to the arrest.

The procedural posture of this case presents a strong basis for compelling execution of the release. Defendants are procedurally constrained until the §160.50 issue is resolved. This creates an untenable situation where potentially dispositive evidence exists but cannot be presented to the Court, resulting in unnecessary litigation and expenditure of judicial resources.

As a result, Defendants respectfully request that the Court compel Plaintiff to execute a Criminal Procedure Law § 160.50 release by a date certain and to hold the deadline to respond to the Complaint in abeyance until Plaintiff has complied.

The Defendants thank the Court for its time and consideration of this request.

    Respectfully Submitted,

    *Joseph Zangrilli /s/*

    Joseph Zangrilli
    Attorney for Defendants City,
       Francillon, and Walsh
    *Senior Counsel*
    New York City Law Department
    100 Church Street
    New York, NY 10007
    (212) 356-2657
    jzangril@law.nyc.gov

Cc:   **VIA U.S. MAIL**
      Brandon Covial
      47 East 30th Street
      Apt. 2
      New York, NY 10016
      *Plaintiff Pro Se*